IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3032-FL

| | |
|---|---|
| WILLIAM BAUBERGER, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| GRADY HAYNES; ARTHUR DAVIS; SAMPSON HARRELL; CHERYL BOLTON; BOYD BENNETT; AND THE NORTH CAROLINA DEPARTMENT OF CORRECTIONS, | ) |
| Defendants. | ) |

The matter comes before the court on the motion to dismiss (DE # 27) pursuant to Federal Rule of Civil Procedure 12(b)(6), supplemental motion to dismiss (DE # 40), and motion for a protective order (DE # 42) filed by defendants Arthur Davis ("Davis") and Sampson Harrell ("Harrell"). Also before the court are the motions to dismiss pursuant to Rule 12(b)(6) (DE # 34) and N.C. Gen. Stat. § 84-4 (DE # 45) filed by defendants Cheryl Bolton ("Bolton") and Grady Haynes ("Haynes"). Finally, the matter is before the court on plaintiff's motion to appoint counsel (DE # 38) and motion to compel (DE # 39). The matters are fully briefed. In this posture, these matters are ripe for adjudication. For the foregoing reasons, the court rules as follows.

**STATEMENT OF THE CASE**

On February 15, 2011, plaintiff, a state inmate, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants, as well as the North Carolina Department of Correction and Boyd Bennett acted with deliberate indifference to his serious medical needs in violation of the Eighth

Amendment to the United States Constitution. The court, thereafter, conducted a frivolity review pursuant to 28 U.S.C. § 1915, and dismissed as frivolous plaintiff's claims against the North Carolina Department of Correction and Boyd Bennett. The court, however, allowed plaintiff to proceed with the remainder of his complaint.

On August 9, 2011, the Clerk of Court issued an order of investigation directing North Carolina Prisoner Legal Services ("NCPLS") to investigate plaintiff's action in accordance with the Eastern District of North Carolina's Representation Plan. NCPLS was directed to inform the court at the conclusion of its investigation whether it would represent plaintiff in this matter. On August 16, 2011, plaintiff filed a pleading rejecting the assistance of NCPLS.

On November 10, 2011, Davis and Harrell filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that plaintiff failed to state an Eighth Amendment claim against them. The matter was fully briefed. On January 3, 2012, Haynes and Bolton filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that plaintiff failed to state a claim upon which relief may be granted, that plaintiff's action is barred pursuant to the statute of limitations, and that plaintiff failed to exhaust his administrative remedies prior to bringing this action. Alternatively, Haynes and Bolton assert the affirmative defense of qualified immunity. The matter was fully briefed. Plaintiff additionally subsequently filed a motion to appoint counsel.

On January 27, 2012, Davis and Harrell filed a motion for a protective order and supplemental motion to dismiss asserting the affirmative defense of qualified immunity. The matters were fully briefed. Bolton and Haynes additionally filed a motion to dismiss for violation of N.C. Gen. Stat. § 84.4, to which plaintiff responded.

**STATEMENT OF FACTS**

Viewing the facts in the light most favorable to plaintiff, plaintiff makes the following allegations. In October 2006, plaintiff injured his upper arm while working out on the recreation yard at Warren Correctional Institution ("Warren"). During his initial visit with medical staff, plaintiff was told that he had a muscle strain and was provided Ibuprofen and analgesic cream for the pain. Plaintiff followed the medical staffs' instructions and remained in pain. Plaintiff then followed up with a sick call request. Plaintiff again was given Ibuprofen and analgesic cream. Throughout the next eighteen (18) months plaintiff submitted over twenty (20) sick call requests relating to his arm injury. Plaintiff received various responses, from unidentified prison officials, including that there was nothing wrong and that plaintiff should accept his injury and the severe and chronic pain that he was experiencing. Medical staff repeatedly told plaintiff that he was wasting their time and that other inmates had greater concerns. Bolton, a nurse, told plaintiff that his injury was unimportant.

At some point, Harrell and Davis, both physicians, ordered x-ray diagnostic testing and ultimately diagnosed plaintiff's injury as arthritis. Plaintiff states that after nearly four months of no pain medication, he was prescribed various arthritis medications. Plaintiff claims the arthritis medications were ineffective. Harrell and Davis did not order a magnetic resonance imaging ("MRI") test.

In March 2008, plaintiff was transferred to Piedmont Correctional Institution. Plaintiff immediately placed a sick call request regarding his arm injury. In response, Dr. Jones examined plaintiff and referred him to Carolina Orthopedics for diagnosis. At Carolina Orthopedics, plaintiff was diagnosed with a torn triceps brachii muscle. Plaintiff subsequently had surgery to repair his triceps brachii muscle during which a large portion of his damaged muscle was removed. Plaintiff

3

alleges that "[b]ecause of Warren C.I. medical staffs['] not diagnosing and treating the obvious and notorious injury of plaintiff[']s upper arm[,] he has permanent deformity, lack of strength and flexibility, limited range of motion and sustained severe chronic pain." Compl. p. 4.

## DISCUSSION

A.   Motion to Appoint Counsel

This is plaintiff's second motion to appoint counsel. As previously stated, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

In this motion, plaintiff informs the court that he is being assisted by a "jailhouse lawyer," and that he is not guaranteed continued assistance. However, plaintiff's filings up to date reflect that he is capable of proceeding *pro se*. Additionally, plaintiff's claim is not complex. Accordingly, the court finds that this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

4

B. Motion to Compel/Motion for Protective Order

Plaintiff requests the opportunity to engage in discovery. In response, Davis and Harrell request that the court enter a protective order from plaintiff's discovery requests. Defendants have raised the defense of qualified immunity in this case. The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also, Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (holding that the district court was required to rule on defendant's dispositive motion raising qualified immunity issues prior to allowing discovery). In Mitchell, the Court observed that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell, 472 U.S. at 562. Because defendants raised the defense of qualified immunity and assert that plaintiff failed to allege a constitutional violation, they are entitled to a resolution of the issue prior to being subject to the burdens of litigation, including discovery. Accordingly, the court GRANTS the motion for a protective order filed by Davis and Harrell, and DENIES plaintiff's motion to compel.[1]

C. Motions to Dismiss

1. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."

---

[1] The court additionally DENIES plaintiff's motion requesting that the parties confer in accordance with Federal Rule of Civil Procedure 26(f) because this action is exempted from the Rule's requirement of a preliminary scheduling conference. Fed.R.Civ.P. 26(f)(1) (exempting those actions not required to provide certain initial disclosures pursuant to Rule 26(a)(1) from the requirement of conducting a preliminary scheduling conference); see Fed.R.Civ.P. 26(a)(1)(B)(iv) (exempting from initial disclosure requirements those actions "brought without an attorney by a person in the custody of the United States, a state, or a state subdivision.").

5

Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-plead facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

B.   Analysis

Defendants assert the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two-pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was

6

> clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was lawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, 555 U.S. 223 (2009). A court has discretion to decide which step of the two-prong test to analyze first. Pearson, 555 U.S. at 242.

The court first determines whether defendants violated plaintiff's rights pursuant to the Eighth Amendment. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

Assuming, without deciding, that plaintiff is able to satisfy the objective prong of the Eighth Amendment test, the court turns to the subjective prong of the test–whether defendants acted with deliberate indifference. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition,

7

medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). An inmate is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318-19 (4th Cir. 1975) (per curiam). Likewise, mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

    1.    Haynes

Plaintiff's complaint makes no direct allegations against Haynes, the Superintendent of Warren. Plaintiff asserts that he is not directly suing Haynes based upon Haynes' conduct, but is suing Haynes based upon an unidentified policy. Plaintiff argues that he likely will discover the relevant policy in the course of discovery. Plaintiff, however, has provided no facts describing the alleged unconstitutional policy, nor has plaintiff explained how discovery would assist in discovering the alleged unconstitutional policy. Thus, the court finds that plaintiff's allegations regarding the unconstitutional policy are insufficient to state a constitutional claim. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (finding *pro se* complaints require a minimum level of factual support) The court further finds that discovery is unlikely to assist plaintiff in articulating his claim. Accordingly, because plaintiff has not alleged a constitutional violation against Haynes, Haynes is entitled to qualified immunity.

    2.    Bolton

Plaintiff's sole allegation against Bolton, a nurse, is that Bolton told him that his injury was unimportant. The allegation that Bolton exhibited a hostile attitude toward plaintiff, without more, is not sufficient to state a claim for deliberate indifference. See Douglas v. McCarty, 87 F. App'x 299, 301 (4th Cir. Nov. 19, 2003) (finding no deliberate indifference where the plaintiff alleged a

8

nurse "failed to accurately record his medical condition following the altercation and that she exhibited a hostile attitude toward him, do not demonstrate the requisite deliberate indifference to a serious medical need to state a cognizable Eighth Amendment claim. . . .") Because plaintiff has not made any allegation that Bolton actually knew of and disregarded an objectively serious condition, medical need, or risk of harm, he has failed to state an Eighth Amendment violation. Thus, Bolton also is entitled to qualified immunity.

      3.      Davis and Harrell

Plaintiff asserts that Davis and Harrell refused to alter their diagnosis and course of treatment for his arm condition, despite his complaints of continued pain. Plaintiff argues that the circumstances of his treatment are similar to the facts of the Seventh Circuit Court of Appeals' decision in Greeno v. Daley, 414 F.3d 645 (7th Cir. 2005). In Greeno, the Seventh Circuit held that the fact that the plaintiff received some treatment in response to his persistent complaints of vomiting and heartburn was not dispositive of his Eighth Amendment claim. Id. at 654. Rather, the court in Greeno found that the defendants' "obdurate refusal" to alter the plaintiff's course of treatment, despite the plaintiff's repeated complaints that the medication was not working and that his condition was getting worse, raised a genuine issue of material fact with regard to whether the defendants acted with deliberate indifference. Id.

Here, the court finds that plaintiff's allegations that Davis and Harrell acted with deliberate indifference to his continued complaints of pain are sufficient to state a constitutional violation. The court further finds that it is unable to make a determination as to qualified immunity, at this time, in the absence of evidentiary support such as plaintiff's medical records. Thus, the court denies Davis and Harrells' motion to dismiss.

9

Davis and Harrell alternatively argue that plaintiff's *pro se* complaint violates N.C. Gen. Stat. § 84-4 because it was drafted by someone other than plaintiff. N.C. Gen. Stat. § 84-4 prohibits a non-attorney from appearing on behalf of a party other than himself in a judicial action or proceeding. Here, Davis and Harrell suspects that plaintiff's complaint was drafted by a "jail house lawyer." However, the United States Supreme Court has indicated that inmates may seek assistance from other inmates under some circumstances. See, Johnson v. Avery, 393 U.S. 483, 490 (1969) ("But unless and until the State provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation such as that here in issue, barring inmates from furnishing such assistance to other prisoners."); Graham v. Hutto, 437 F. Supp. 118, 119 (E.D. Va. 1977), aff'd, 571 F.2d 575 (4th Cir. 1978). Thus, the court DENIES the motion to dismiss on this ground.

## CONCLUSION

For the foregoing reasons, the court rules as follows:

(1) Bolten and Haynes' motion to dismiss pursuant to Rule 12(b)(6) (DE # 34) is GRANTED. Because the court granted Bolton and Haynes' motion to dismiss pursuant to Rule 12(b)(6), the court DENIES as moot their motion to dismiss pursuant to N.C. Gen. Stat. § 84-4 (DE # 45).

(2) Davis and Harrells' motions to dismiss (DE # 27, 40) are DENIED.

(3) Davis and Harrells' motion for a protective order (DE # 42) is GRANTED, and plaintiff's motion to compel (DE # 39) is DENIED. However, because the court denied these defendants' motion to dismiss, the parties will have the opportunity to engage in discovery.

(4) Plaintiff's motion to appoint counsel (DE # 38) is DENIED.

(5) The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 17th day of September, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

11