IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3032-FL

| | |
|---|---|
| WILLIAM BAUBERGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| GRADY HAYNES; ARTHUR DAVIS; ) | |
| SAMPSON HARRELL; CHERYL ) | |
| BOLTON; BOYD BENNETT; AND ) | |
| THE NORTH CAROLINA ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court on plaintiff's motion to compel (DE # 66) and motion to appoint counsel (DE # 67). Also before the court is the motion for an entry of consent order (DE # 69) and motion for an extension of time (DE # 72) filed by defendants Arthur Davis and Sampson Harrell (collectively referred to as "defendants"). Defendants responded to plaintiff's motion to compel, but not his motion to appoint counsel. Plaintiff did not respond to defendants' motions. In this posture, the matters are ripe for adjudication.

A.  Motion to Appoint Counsel

The court begins with plaintiff's request for counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The

existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because the claims asserted by plaintiff are not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. As such, plaintiff's motion to appoint counsel is DENIED.

B.      Motion to Compel

Plaintiff seeks a court order compelling Davis and Harrell to provide him with certain discovery materials. Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." Herbert v. Lando, 441 U.S. 153, 177 (1979); see Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant may not use

2

discovery requests to annoy, embarrass, oppress, or cause an undue burden or expense to his opposing party. See Fed. R. Civ. P. 26(c)(1). Additionally, the court has "substantial discretion" to grant or deny motions to compel discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

The primary issue of this case is plaintiff's allegation that Davis and Harrell acted with deliberate indifference to his upper arm injury. Plaintiff, in his motion to compel, requests that defendant provide him with medical records dating back to September 2006. In particular, plaintiff sought "all 'sick call' requests by Plaintiff from September 2006 continuing through the date of [the] response concerning any injury, pain, discomfort, or abnormality of the upper left arm/elbow . . . ." (DE # 56, p. 3.) Plaintiff further sought "any document stating any diagnosis, treatment or remedy provided by Defendants [Davis and Harrell] to include all observation reports, treatment notes, orders, handwritten notes, and statements." Id. Finally, plaintiff requested "all medical records . . . of the [NCDOC] . . . or otherwise provide (sic) any medical care to the left arm/elbow injury of the Plaintiff from September 2006 continuing through the date of [the] response." Id. pp. 3-4. In opposition, defendant asserts that they produced plaintiff's medical records for the time period which was relevant to his complaint and the relevant statutory period.

In this case, plaintiff does not allege any treatment by Davis and Harrell that dates back to 2006. The court is cognizant of plaintiff's contention that his injury progressed over time. However, this action pertains to the treatment provided by Davis and Harrell. Any alleged deliberate indifference occurring prior to the treatment provided by Davis and Harrell does not appear to be relevant to this action. Accordingly, the court finds that plaintiff has not articulated any need

3

warranting the broad and potentially burdensome discovery, and the court DENIES plaintiff's motion to compel as to this issue.[1]

To the extent plaintiff requests medical records that post-date the filing of his complaint, Davis and Harrell state that they have provided certain medical records, including provider orders, dating from the date plaintiff filed this action on February 15, 2011, through August 23, 2011. Plaintiff again has not articulated any need warranting the broad and potentially burdensome discovery, and the court DENIES plaintiff's motion to compel as to this issue.

The court now turns to plaintiff's request that the court compel defendant to provide "all documents that contain, mention, construe or refer to any insurance agreement . . . ." (DE # 56, p. 5.) In opposition, Davis and Harrell assert that plaintiff does not state any good cause why their insurance agreements are relevant to the subject matter of this litigation. The court agrees with Davis and Harrell, and DENIES plaintiff's motion to compel as to this issue.

C.  Motion for a Consent Order

Upon review of the motion for a consent order, the court requests that the parties resubmit within fourteen (14) days of the date of this order a proposed consent protective order including the following additional language in numbered paragraph 10:

> Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First

---

[1] The court notes that Davis and Harrell have submitted a proposed consent order governing future discovery materials. Accordingly, it appears that additional discovery materials will be forthcoming.

Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

Following the submission of the revised consent order, the court will consider plaintiff's motion for a consent order.

D.   Motion for an Extension of Time

Davis and Harrell request an extension of time to file dispositive motions. For good cause shown, the motion is GRANTED. Dispositive motions now are due by May 19, 2013.

In summary, plaintiff's motion to compel (DE # 66) and motion to appoint counsel (DE # 67) are DENIED. The motion for entry of consent order (DE # 69) filed by Davis and Harrell is held in abeyance until after these defendants submit their revised pleading as directed above. Failure to

comply with the court's order within fourteen (14) days of its entry will result in DENIAL of their motion. Finally, the motion for extension of time (DE # 72) filed by Davis and Harrell is GRANTED, and dispositive motions now are due by May 19, 2013.

SO ORDERED, this the 14TH day of March, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge