IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3032-FL

| | |
|---|---|
| WILLIAM BAUBERGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| GRADY HAYNES; ARTHUR DAVIS; ) | |
| SAMPSON HARRELL; CHERYL ) | |
| BOLTON; BOYD BENNETT; AND ) | |
| THE NORTH CAROLINA ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

The matter is before the court on plaintiff's motion to appoint counsel (DE 87) and motion for a subpoena duces tecum (DE 88). Defendants did not respond to plaintiff's motions. In this posture, the issues raised are ripe for adjudication.

The court begins with plaintiff's request for counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because the claims asserted by plaintiff are not complex, and where he has demonstrated

through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. As such, plaintiff's motion to appoint counsel is DENIED.

The court now turns to plaintiff requests that the court issue a subpoena directing the North Carolina Department of Public Safety and the Secretary of Public Safety to produce his medical records for inspection. The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery, including the issuance of subpoenas. See generally, Fed.R.Civ.P. 26-37, 45. Rule 34 authorizes a party to issue subpoenas to non-parties. Fed.R.Civ.P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.") Rule 45 outlines the procedure for issuing subpoenas. Fed.R.Civ.P. 45; see also, In re Rule 45 Subpoena to Robert Kochan, No. 5:07-MC-44-BR, 2007 WL 4208555, at *4 (E.D.N.C. Nov. 26, 2007) ("Rule 45 expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control.") (citing Fed.R.Civ.P. 45(a)(1)(C)). "Rule 45 adopts the standard codified in Rule 26" in determining what is discoverable. Schaff v. SmithKline Beecham Corp., 233 F.R.D. 451, 453 (E.D.N.C. 2005). Here, there is no indication that plaintiff utilized the Federal Rules of Civil Procedure to obtain the discovery he seeks. Accordingly, his motion for a subpoena is DENIED.

In summary, plaintiff's motion to appoint counsel (DE 87) and motion for the issuance of a subpoena (DE 88) are DENIED.

SO ORDERED, this the 20th day of September, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

2